# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA SIBETO, | ) |
| | ) Civil Action No. 2:13-cv-1674 |
| Plaintiff, | ) |
| | ) Judge Mark R. Hornak |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| CAPELLA UNIVERSITY, | ) Re: ECF No. 9 |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 17th day of July, 2014, after the Plaintiff, Anna Sibeto, filed an action in the above-captioned case, and after the Defendants filed a Motion to Dismiss [ECF No. 9] and after a Report and Recommendation was filed by the United States Magistrate Judge giving the parties until June 30, 2014, to file written Objections thereto, [ECF No. 15] and upon consideration of the objections filed by Defendant [ECF No. 16] and the response to Objections filed by Plaintiff [ECF No. 17], and upon independent *de novo* review of the record, and upon consideration of the Magistrate Judge's Report and Recommendation, which is adopted as the Opinion of this Court, as supplemented by this Order,

IT IS HEREBY ORDERED that the Motion to Dismiss submitted on behalf of Defendant, ECF No. 9, is GRANTED as to Plaintiff's negligent and intentional misrepresentation claims (Counts II and III), but denied as to her claim arising under the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL") (Count IV).

The Defendant has objected to the Report and Recommendation to the extent that it fails to recommend the dismissal of Count IV of the Complaint, asserting that the Magistrate Judge was in error in failing to conclude that the Plaintiff's purchase of educational services could not

be for "personal, family or household" purposes as required for coverage by that statute. Defendant relies primarily on the argument that because, as Plaintiff pleads, higher education would open up better career opportunities for her as a teacher, these services could not therefore be "personal", but instead are necessarily for a profit-driven "business" motive. That argument misses the boat.

There can be little doubt that the process of obtaining further higher education would, presumably, have made the Plaintiff a more learned person. It is likely that employers, especially in the educational sector of the economy, would view that as a good and valuable thing. They likely would be willing to pay more for the personal services of just such a person (and the act of teaching others surely is a personal service, even if for compensation). The Plaintiff says in her Complaint that she anticipated as much. But, the fact that the services purchased by the Plaintiff from the Defendant would make her a more learned person whose personal services would be viewed by the marketplace as being more valuable does not make that education any less "personal". Otherwise, any service purchased and received by a "person" that could make them of marginally greater value as an employee in the American marketplace could never, under the Defendant's argument, come within the reach of the of the UTPCPL.[1] According to the

---

[1] To the extent it makes a difference, it is worth noting that in the context of the Complaint, nowhere is it alleged that the Plaintiff currently operates a profit making business, or intends to. She is currently an employee earning wages via her personal services, ECF No. 1 at ¶ 6, and at most, the Complaint alleges that a doctoral degree would enhance her "job opportunities", ECF No. 1 at ¶ 7. Nowhere does the Complaint make any allegation that is inconsistent with the Plaintiff now and in the future earning ordinary income as "wages". There is no reference to her now or later making a "profit" as that term is ordinarily understood, as compared to "wages." There are, of course, important distinctions between the two; just ask the IRS.

This, of course, also goes to the Defendant's Objection that the Magistrate Judge did not focus on the "purpose" for which the Plaintiff sought to become a more learned person. In some ways, the Defendant's argument confuses "motive" with "purpose". How so? Consider this example. An entertainer purchases purely cosmetic "botox" treatments. What is the "purpose" of that service? Plainly, to look better. What is the purchaser's "motive"? It could indeed be to look better on stage or screen and perhaps become more marketable for higher-paying engagements. Or, it could be to feel better by looking better. Or, it could be to be more attractive to others in social settings. Does the motive make the highly intimate nature of a cosmetic procedure any less "personal"? The Court thinks not. In any event, the Court believes that the Magistrate Judge correctly considered the "purpose/type" analysis.

2

Defendant, purchasing services in order to become better at working for a living can never be "personal."[2]

The necessary result of the Defendant's argument is that any purchased educational service is categorically removed from coverage of the statute. That is not a result commanded by the language of the statute, nor by the decisions of the relevant appellate courts applying it. Otherwise, any service which adds "value" to a person (compare someone taking German lessons[3] or learning how to make Excel spreadsheets on their own dime with paying to have the brakes replaced on your employer's delivery van, for instance) would fall outside of the statute, by definition. In the Court's view, that is not a result that the language chosen by the General Assembly mandates, nor is it one that the case law requires.[4]

---

[2] It is also worth noting that in another context, Pennsylvania regulations define both "learning" and "working" as "major life activities" of people. 16 Pa. Code §44.4. Federal law is along the same lines. *See* 42 U.S.C. § 12102 (2)(A). Federal law also includes thinking, reading, concentrating and communicating in the same concept. *Id.*

[3] Even though some employer, somewhere in the future, might find them of value. According to the Defendant, the idea of earning higher wages through the provision of inherently personal services as an employee causes them to cease to be "personal". ECF No. 16 at 4. Even with this rather cabined definition of "personal", it is pretty easy for this Court to see why the cases relied on by the Defendant are not apt. Of course the buying of a house to "flip" it, or a doctor's acquiring, solely as an agent of his patients, pedicle screws to fix the patients' skeletons, or the purchase of a tractor-trailer for "lease back" to North American Van Lines are not purchases for "personal" purposes. ECF No. 16 at 6. Those are goods purchased for resale, or for incorporation into professional services, or for part of an arm's length lease-back business deal with a national moving company. They are not the purchase of services that add inherent value to the purchasing person themselves.

[4] If it did, then one would think that the court in *Meyer v. Community College of Beaver County*, 2014 WL 2711941 (Pa. June 16, 2014), along with those in *Harris v. Saint Joseph's Univ.*, 2014 WL 1910242 (E.D. Pa., May 13, 2014) and *Dillon v. Ultrasound Diagnostic Schools*, 1997 WL 805216 (E.D.Pa., Dec. 18, 1997) would have dismissed the UTPCPL claims in those cases on such grounds with no further analysis of any other issues needed.

Further, the Court does not find the Order in *Anderson v. High-Tech Institute*, No. 4:11-0506 (W.D. Mo. Jan. 25, 2013) to be persuasive in this regard. It appears to categorically exclude from coverage under a similarly-worded statute the purchase of any services that further a person's education if they *could* make them more valuable in the employment marketplace, or if their motive in acquiring them is anything other than pure personal fulfillment. Among other things, the reasoning in *Anderson* appears to be that any purchased services that could lead to higher wages, or which are purchased with any hope or thought that they might help in those regards, are always "business" and never "personal." The Court does not believe that such a categorical, definitional exclusion exists under the statute here.

In the same vein, the Court respectfully disagrees with the reasoning applied by the Sixth Circuit in *MacDonald v. Thomas M. Cooley Law School*, 724 F. 3d 654, 660-61 (6th Cir. 2013). There, the appeals court affirmed the district

The second Objection is that the Magistrate Judge focused, in error, on whether the Plaintiff was a "person" covered by the UTPCPL in the first place, with the Defendant saying that the Magistrate Judge confused the concepts of "personal" in terms of the "purpose" of the service provided with whether the Plaintiff was a "person" covered by the statute. The Court does not read the Report and Recommendation that way. Instead, it appears to the Court that the Magistrate Judge properly conducted two, separate, important inquiries. First, is the Plaintiff covered by the statute at all (is she a "person" for its purposes) and second, were the services purchased from the Defendant "personal" so as to be an arguably covered transaction? There was no error committed by the Magistrate Judge in these regards, and the Report and Recommendation is correct as to that issue.

The parties should also keep in mind at what juncture in the case this Motion falls. We are at the Complaint/Motion to Dismiss stage. The Defendant asks the Court to conclude that as a categorical and definitional matter, the educational services purchased here could not, as a matter of law, ever be covered by the UTPCPL, no matter the facts. For the reasons noted, that the Court cannot do, at least not yet. How that question might come out, on a full record developed in discovery, could be another issue. Thus, the Defendant may revisit that issue, if that factual record would support its reassertion, in a summary judgment motion.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order (to the extent it constitutes an

---

court's conclusion that obtaining a legal education was for a "business" purpose under a Michigan statute analogous to the UTPCPL. The problem from where this Court sits is that the courts in *MacDonald* used as analogies Michigan cases holding that the purchase of copying services by a law firm through a third-party corporate vendor, the purchase of a truck that the purchaser told the IRS was used 80% of the time for "business purposes", and a limited partnership's purchase of electricity for its factory-level hog farm, were not "personal". Of course they weren't. But, those cases appear to have little to do with the purchase by a natural person of the higher education of that same person.

4

appealable Order at all), a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, within thirty (30) days.

                                            Mark R. Hornak
                                            United States District Judge

Dated: July 17, 2014

cc:    United States District Judge Maureen P. Kelly
       All counsel of record